**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KEVIN POWELL**, on behalf of himself and others similarly situated, | : | |
| Plaintiff, | : | **CASE NO. 2:25-cv-912** |
| v. | : | **JUDGE** |
| **TG3 ENTERPRISES, INC.**, c/o Paul D. Creme, Esq. Hamblett & Kerrigan, PA 20 Trafalgar Square S505 Nashua, NH 03063 | : | **MAGISTRATE JUDGE** <br> **JURY DEMAND ENDORSED HEREON** |
| Defendant. | : | |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

Named Plaintiff Kevin Powell ("Named Plaintiff"), individually and on behalf of others similarly situated, files his Collective and Class Action Complaint for Violations of the Fair Labor Standards Act against Defendant TG3 Enterprises, Inc. ("Defendant") for its collective failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*. The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district and division.

## II. PARTIES

### A. Named Plaintiff

1. Named Plaintiff is an individual and a United States citizen.

2. Named Plaintiff worked as an "employee" of Defendant as defined in the FLSA in the position of General Manager for Defendant at its Planet Fitness gym located at 67780 Banfield Rd., Unit 015, St. Clairsville, OH 43950 from approximately 2020 to June 2025.

3. Named Plaintiff's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and is attached as **Exhibit A**.

### B. Defendant

4. Defendant TG3 Enterprises, Inc. is a foreign corporation incorporated in the State of New Hampshire.

5. Defendant is a joint employer and/or a single integrated enterprise that owns and operates Planet Fitness gyms throughout the country.

6. At all relevant times, Defendant was an "employer" as that term is defined by the FLSA due to its employment of Named Plaintiff and those similarly situated as described herein.

7. Defendant maintains interrelated operations, centralized control of labor relations, common management, common ownership, and common financial control.

8. At all relevant times, Defendant has determined, shared, and/or co-determined those matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated employees at Defendant's facilities. In so doing, Defendant is responsible for the

human resources decision-making processes, including material terms and conditions of employment and other human resource operations, for Named Plaintiff and those similarly situated.

9. At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiff's and other similarly situated employees' working conditions, including matters governing the essential terms and conditions of their employment. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

10. At all relevant times, Defendant has had the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

11. Defendant forms a "single employer" as a single integrated enterprise and/or joint employer of Named Plaintiff and similarly situated employees because it operates numerous facilities under numerous entities, with interrelated operations, centralized control of labor relations, common management, and common ownership and financial control.

12. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

13. During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

14. During relevant times, Defendant benefited from the work performed by Named Plaintiff and those similarly situated.

15. Upon information and belief, Defendant operates and controls an enterprise and has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

16. Upon information and belief, Defendant has applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees, including policies, practices, and procedures relating to payment of and compliance with the FLSA, including overtime wages, timekeeping, maintenance of records, etc.

17. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States.

## III. FACTS

18. Named Plaintiff and other similarly situated employees regularly worked over 40 hours in one or more workweek(s) during the last three years.

19. Despite regularly working more than 40 hours in a workweek, Defendant did not, and does not, pay Named Plaintiff and Defendant's other similarly situated employees any overtime wages for the hours that they worked more than 40.

20. In addition, although Defendant called the compensation it paid Named Plaintiff and other similarly situated employees a "salary," the compensation structure was not a true "salary basis" as set forth in 29 C.F.R. §541.602.

21. Named Plaintiff and other similarly situated employees did not receive a predetermined amount of compensation for each pay period. Instead, the "salary" paid by Defendant was subject to reduction because of variations in the number of hours they worked each workweek.

22. For example, Defendant reduced Named Plaintiff's "salary" to $875.04 for 34.71 hours of work between April 14, 2025, and April 20, 2025. Defendant also reduced Named Plaintiff's "salary" to $554.62 for 22 hours of work between May 5, 2025, and May 11, 2025.

23. At all times relevant, it has been Defendant's policy or practice to classify Named Plaintiff and other similarly situated employees as exempt from federal and state overtime provisions.

24. Defendant did not pay Named Plaintiff and other similarly situated employees overtime premium for hours worked over 40 in one or more workweek(s).

25. During all relevant times, Defendant suffered or permitted Named Plaintiff and those similarly situated employees to work overtime while not paying them overtime premium.

26. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and hour laws of the United States.

27. Defendant knowingly and willfully failed to pay Named Plaintiff and other similarly situated employees as described herein.

28. Upon information and belief, for the three (3) years preceding this Complaint, Defendant applied the same pay practices and policies to all salaried managers, including Named Plaintiff.

29. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and other similarly situated employees is unknown at this time, as many of the records necessary to make such calculations are in the possession of Defendant and/or were not kept by Defendant.

**Defendant's Recordkeeping Violations**

30. The FLSA and state law, including Ohio law, require Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); and Ohio Const. Art. II, § 34a.

31. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. *See* 29 C.F.R. § 516.2.

32. Defendant failed to accurately track, keep, or transmit the hours worked each day by Named Plaintiff and the FLSA Collective due to their misclassification or Named Plaintiff and the FLSA Collective as exempt from overtime.

33. Defendant willfully and intentionally transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which do not include all work performed, which had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff and the FLSA Collective.

34. Thus, Defendant willfully and intentionally did not properly record and pay all hours worked in violation of the FLSA and violated the FLSA's recordkeeping requirements.

## IV. FLSA COLLECTIVE ALLEGATIONS

35. Named Plaintiff brings his FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated employees of the opt-in collective. The FLSA collective consists of the following:

> **All current and former workers of Defendant who were paid on a "salary" and had a reduction to their weekly pay in one or more workweek(s), beginning three (3) years before the filing of this Complaint and continuing through the final disposition of this case (hereinafter the "FLSA Collective" or "Potential FLSA Collective Members").**

36. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

37. In addition to Named Plaintiff, the Potential FLSA Collective Members have been denied proper overtime compensation due to companywide unlawful payroll policies and/or practices described herein. Named Plaintiff is representative of those other similarly situated salaried managers and is acting on behalf of their interests as well as his own in bringing this action.

38. The identities of the Potential FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) to collectively adjudicate their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

39. The net effect of Defendant's policies and/or practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and the Potential FLSA Collective Members their

respective overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the Potential FLSA Collective Members.

## V. CAUSES OF ACTION

### COUNT I:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

40. All of the preceding paragraphs are realleged as if fully rewritten herein.

41. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective.

42. The FLSA requires that non-exempt employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

43. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the Potential FLSA Collective Members.

44. Named Plaintiff and the Potential FLSA Collective Members regularly worked in excess of forty (40) hours in one or more workweek(s).

45. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them at one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) hours in a workweek because Defendant misclassified them as exempt and did not pay them on a true "salary basis."

46. Defendant also violated the FLSA by failing to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2, *et seq*.

47. Named Plaintiff and the Potential FLSA Collective Members were not exempt from receiving overtime compensation.

48. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Potential FLSA Collective Members are entitled.

49. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the Potential FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

50. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the Potential FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest, attorneys' fees, and all other remedies available on behalf of himself and the Potential FLSA Collective Members.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Facilitating prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

B. Awarding to Named Plaintiff and the Potential FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

C. Awarding to Named Plaintiff and the Potential FLSA Collective Members costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

D. Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever;

E. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

F. Awarding to Named Plaintiff and the Potential FLSA Collective Members such other and further relief as the Court deems just and proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Tristan T. Akers (0102298)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
agedling@mcoffmanlegal.com
takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated.*

**JURY DEMAND**

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman